# UNITED STATES COURT OF INTERNATIONAL TRADE

x

MES, INC.

Plaintiff

v.

UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION, (CBP); and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection

Defendants

x

**COMPLAINT**

Court No: 26-04960

Plaintiff, MES INC., by and through its undersigned counsel respectfully files this Complaint against Defendants the United States, U.S. Customs and Border Protection ("CBP"), and Rodney S. Scott, in his official capacity as the Commissioner of CBP, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff is an importer of merchandise and brings this action to secure the full reliquidation of and monetary refund for customs duties unlawfully collected from Plaintiff pursuant to a series of executive orders issued under the under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 et seq.

2. Beginning in February 2025, President Trump issued a series of executive orders invoking the IEEPA as authority to impose tariffs on goods imported from nearly every foreign country, including countries from which Plaintiff imports merchandise.

3. Plaintiff, as importer of record was subject to the IEEPA duties and paid the IEEPA duties on its imported goods.

4. On February 20, 2026, the United States Supreme Court held in *Learning Resources v. Trump,* No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v.*

*Trump,* 149 F.4th 1312 (Fed. Cir. 2025), that the IEEPA does not authorize the President to impose tariffs.

5. The Supreme Court also confirmed that challenges to the IEEPA duties fall within the exclusive jurisdiction of the United States Court of International Trade. *Id.* At 5. Therefore, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA duties paid by importers.

6. Plaintiff is seeking a full refund from the Defendants of all IEEPA duties Plaintiff paid to the United States, with interest as required by law.

**PARTIES**

7. Plaintiff, MES INC. is the importer of record on which IEEPA duties were paid.

8. Defendant United States received the disputed IEEPA duties and is the statutory defendant under 5 U.S.C. §702 and 28 U.S.C.§1581(i).

9. Defendant United States Customs and Border Protection ("CBP") is the United States agency that is responsible for collecting duties, tariffs, taxes and fees on goods imported into the United States. CBP collected duties form Plaintiff for IEEPA tariffs.

10. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

11. Defendants are herein referred to collectively as "Defendants".

**JURSDICTION AND VENUE**

12. This Court has jurisdiction over this action pursuant to 28 U.S.C.§1581(i). See *Learning Resources.*

13. This Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. §1585. In a civil action under 28 U.S.C. §1581, the court

can enter a money judgment against the United States and can order any other appropriate civil relief. 28 U.S.C. §2643(a)(1), (c)(1).

14. Plaintiff has standing to bring this lawsuit because it is the importer of record of goods imported into the United States from countries subject to the IEEPA duties as implemented and collected by CBP that have been held by the Supreme Court to be unlawful. As a result of the executive orders identified in this lawsuit, Plaintiff has paid IEEPA duties to the United States and has suffered injury caused by those orders.

15. This action is timely filed within the two-year statute of limitations provided under 28 U.S.C.§ 2636(i).

## GENERAL PLEADINGS

### I. The IEEPA Tariff Orders

16. On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China.[1] Each executive order relied on IEEPA authorizing the tariffs. Collectively, these are referred to in this Complaint as the "Trafficking Tariff Orders." Pursuant to the Orders, CBP assessed additional IEEPA duties upon Plaintiff's entries.

17. On February 5, 2025, the President issued Executive Order 14200 to modify the China Trafficking Tariff Order. See Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chan in the People's Republic of China,* 90 Fed Reg. 9277 (Feb. 11, 2025).

18. On March 3, 2025, the President again amended the China Trafficking Tariff Order through Executive Order 14228. See Exec. Order No. 14228, *Further Amendment to Duties*

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border,* 90 Fed. Reg. 9,1117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border,* 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China,* 90 Fed. Reg. 9,121 (Feb. 7, 2025).

*Addressing the Synthetic Opioid Supply Chain in the People's Republic of China,* 90 Fed. Reg. 11463 (Mar. 7, 2025). This Amendment raised the IEEPA tariffs on imports from China to 20%, effective March 4, 2025, citing China's failure to take sufficient measures to address the illicit drug crisis as justification for the hike.

19. On April 2, 2025, the President declared trade deficits with U.S. trading partners as its own national emergency and issued Executive Order 14257, known as the "reciprocal Tariff Order." See Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits,* 90 Fed. Reg.15041 (Apr. 7, 2025). The Reciprocal Tariff Order imposed a 10% baseline tariff on nearly all imports to the United States, effective April 5, and additional country-specific reciprocal tariffs on 57 countries, effective April 9, *Id.* at Annex I. These higher country-specific tariffs range from 11% to 50%. *Id.*

20. On April 8, 2025, in response to China's retaliatory tariffs, the President ordered a steep increase in the reciprocal tariff on Chinese goods, raising the rate from 34% to 84%, effective April 9, 2025. See Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China,* 90 Fed. Reg. 15509 (Apr. 14, 2025).

21. On April 9, 2025, the President announced a 90-day suspension of elevated country-specific tariffs for all nations except China, effective April 10, 2025. See Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment,* 90 Fed. Reg. 15625 (Apr. 15, 2025). At the same time, the country-specific tariff rate on Chinese imports was raised from 84% to 125%, effective April 10, 2025. *Id.* Meanwhile, the 20% trafficking tariff

on imports from China remained in place, such that most imports from China faced a minimum 145% IEEPA tariff.[2]

22. On July 30, 2025, President Trump issued Executive Order 14323, 90 Fed. Reg. 37739, *Addressing Threats to the United States by the Government of Brazil,* imposing an additional *ad valorem* duty rate of 40% on certain products from Brazil.

23. On August 6, 2025, President Trump issued Executive Order 14329, 90 Fed. Reg. 38701, *Addressing Threats to the United States by the Government of the Russian Federation,* imposing an additional ad valorem duty rate of 25% on certain products from India.

24. In implementing the IEEPA tariffs, Defendants directed modifications to the Harmonized Tariff Schedule of the United States, mandating that goods subject to the disputed tariffs be classified under the new tariff codes.

25. On April 14, 2025, several companies filed an action in the Court challenging the legality of these tariff orders. *See V.O.S. Selections, et al v. Donald J. Trump, et. al.,* No. 25-cv-00066 (Dkt No.2). This Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed. It was the Federal Circuit's decision that was, in turn, affirmed by the Supreme Court on February 20, 2026.

26. President Trump, invoking IEEPA, has issued additional executive orders imposing additional IEEPA Duties and modifying others.

27. CBP continued to collect duties imposed by the Challenged Tariff Orders while the *V.O.S. Selections* litigation and related litigation remained pending, and only just announced on

---

[2] The country-specific tariff on Chinese imports in temporarily set at 10%, effective May 14, 2025. See Exec. Order No. 14298, *Modifying Reciprocal Tarif Rates to Reflect Discussions With the People's Republic of China,* 90 Fed. Reg. 21831 (May 21, 2025); Exec. Order No. 14334, *Further Modifying Reciprocal Tariff Rates to Reflect Ongoing Discussions With the People's Republic of China*, 90 Fed. Reg. 39305 (Aug. 14, 2025); Exec. Order No. 14358, *Modifying Reciprocal Tariff Rates Consistent With the Economic and Trade Arrangement Between the United States and the People's Republic of China*, 90 Fed. Reg. 50,729(Nov. 7, 2025).

February 22, 2026, that duties imposed under the Challenged Tariff Orders "will no longer be collected for goods entered for consumption or withdrawn from warehouse for consumption, on or after 12:00am eastern time on February 24, 2026." Cargo Systems Messaging Service Message #67834313, *Ending Collection of International Emergency Economic Powers Act Duties* (Feb. 22, 2026).

28. By this complaint, Plaintiff seeks relief as a result of all duties it has paid or will pay to the United States arising from the IEEPA executive orders ("Challenged Tariff Orders").

**II. CBP's Implementation of the IEEPA Tariff Orders**

29. CBP is charged with the assessment and collection of duties. 19 U.S.C. §1500, 1502.

30. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs on those goods, including those that were imposed under IEEPA, on the imported goods based upon the tariff classification of goods, according to the rates established by the Harmonized Tariff Schedule of the United States ("HTSUS"). *See* 19 U.S.C. §§ 1202, 1500, 1502.

31. Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. §1500.

32. Once liquidation has occurred, and if the liquidation is protestable, the importer of record has 180 days after liquidation to file a protest contesting the liquidation and any other CBP decision encompassed therein. 19 U.S.C. §1514(a).

33. This Court and the Federal Circuit have cautioned that in certain circumstances an importer may lack the legal right to recover refunds of duties for entries that have liquidated, even where the underlying legality of a tariff is later found to be unlawful. See *In re Section 301 Cases,*

524 F. Supp. 3d at 1365-66 (Ct. Int'l Trade 2021); *Target Corp. v. United States,* 134 F. 4th 1307,1316 (Fed. Cir. 2025).

34. However, in *AGS Co. Automotive Sol. V. U.S. Customs and Border Protection, et. al.* No. 25-00255, (Ct. Int'l Trade Dec. 15, 2025) ("*AGS*"), a three-judge panel of this Court confirmed the authority of this Court to reliquidate entries subject to the IEEPA duties. In a related action, the government has represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to the IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.,* No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025). In a third action, *Strato Technology Solutions, LLC v. United States, et. al.* No. 25-322, ECF No. 14 at 4 (Ct. Int'l Trade) the Government represented that "defendants have made very clear-both in this case and in related cases-that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful."

35. In *Strato Technology Solutions, LLC*, the Government also represented that "Defendants have also committed to refund any challenged duties paid by plaintiff importers if such duties are found to be unlawful once there is a final, unappealable court decision ordering refund of such duties to plaintiffs." ECF No. 16 at 9.

## III. The Supreme Court Has Held That IEEPA Duties Are Unlawful

36. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. §1701 *et seq.*, the National Emergencies Act, 50 U.S.C. §1601 *et seq.*, section 604 of the Trade Act of 1974, as amended, 19 U.S.C. §2483, and 3 U.S.C. § 301 for authority to impose tariffs.

37. None of these statutes authorizes the President to impose tariffs. Of these, Defendants have relied solely on the IEEPA statute to impose and collect the IEEPA Duties.

38. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections,* holding that IEEPA did not authorize assessment of IEEPA Duties. This Court permanently enjoined the government from enforcing the IEEPA Duties at issue in that case.

39. On appeal, the Federal Circuit stayed this Court's decision.

40. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that the IEEPA Duties are unlawful. *See V.O.S. Selections.*

41. In a separate lawsuit filed by another group of importers, the U.S. District Court for the District of Columbia held that IEEPA provides no authority to impose tariffs. *See Learning Resources Inc. v. Trump,* 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment,* No.24-1287 WL 2601021 (U.S. Sept. 9, 2025). The case was appealed to the D.C. Circuit, but before that court heard arguments, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources,* consolidated them, and held oral argument on November 5, 2025.

42. On February 20, 2026, the Supreme Court held that IEEPA provides no authority to impose tariffs. *See Learning Resources,* slip op. at 20.

**IV. Plaintiff Paid IEEPA Duties**

43. Plaintiff's imports subject to IEEPA Duties entered the United States under new HTSUS codes.

44. As of the date of this Complaint, Plaintiff has paid IEEPA duties imposed by the IEEPA Tariff Orders.

**STATEMENT OF CLAIMS**

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth herein.

46. In *Learning Resources,* the Supreme Court considered challenges to the President's authority to impose tariffs under IEEPA and this Court's ruling and the Federal Circuit's affirmance of this Court's opinion in *V.OS. Selection, Inc. v. Donald Trump,* 772 F. Supp. 3d 1350, 1383 (Ct. Int'l Trade 2025), *aff'd* 149 F. 4th 1312 (Fed. Cir. 2025), holding that the President exceeded his authority under IEEPA, 50 U.S.C. § 1701 et seq., when he imposed tariffs on imported goods.

47. The Supreme Court held that all tariffs imposed under IEEPA are unlawful. The Supreme Court affirmed the Federal Circuit's decision, which for its part had affirmed this Court's ruling on the merits of the IEEPA tariffs. *Learning Resources,* slip op. at 21.

48. The Challenged Tariff Orders purport to impose duties and modify the Harmonized Tariff Schedule of the United States solely under IEEPA.

49. In its motion to the Federal Circuit in *V.O.S. Selections* to stay the CIT's judgment, CBP confirmed that "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful then the government will issue refunds to plaintiffs, including any post judgment interest that accrues." Gov't Mot. Stay Pending Appeal at 25, *V.O.S. Selections, Inc. v. Trump*, 149 F. 4th 1312 (Fed. Cir. 2025).

50. This Court is bound by the *Learning Resources* decision and as a result of that decision should order refunds of all IEEPA duties paid by Plaintiff, with interest as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court issue an order directing that:

a) CBP shall re-liquidate with no assessment of IEEPA Duties any of Plaintiff's entries that, as of the date of the Order, have been previously liquidated with an assessment of IEEPA Duties;

b) For any of Plaintiff's entries that are unliquidated as of the date of this Order, CBP shall liquidate such entries with no assessment of IEEPA Duties;

c) Defendants shall refund to Plaintiff any IEEPA Duties collected from Plaintiff, together with interest as provided by law;

d) Defendants shall pay Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action.

e) Award any further relief that this Court deems just and proper.

Dated: October 26, 2026

Respectfully submitted,

s/ Richard L. Furman
Richard L. Furman
Furman Law Offices, LLC
180 Froehlich Farm Blvd.
Woodbury, NY 11797
(516) 921-1725
rfurman@furmanlawoffices.com

*Counsel for Plaintiff*